ALBERT GENTILE *vs.* AMERICO VECCHIO.

APRIL 18, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This action at law is before the court on the plaintiff's exceptions to the decision of a justice of the superior court sustaining defendant's demurrer to each of the three counts of the plaintiff's third amended declaration.

From the declaration it appears that defendant was one of the owners of a house and lot located at No. 15 Plymouth Road in the town of North Providence and that on May 21, 1958 plaintiff was in his employ.

It appears in the first count that it was the duty of the plaintiff to climb a certain tree on the said lot and cut off one of the higher limbs; that it was the duty of defendant to warn plaintiff that one of the limbs was rotten and decayed in sections thereof that were not visible and apparent to plaintiff or to any other person of ordinary intelligence or experience since plaintiff was a truck driver and had had no previous experience in the cutting of tree limbs.

It is alleged that defendant knew that the tree was rotten and decayed and that it was his duty to warn plaintiff of the danger and that, "the defendant disregarding this duty conducted himself carelessly, negligently, and willfully in

that he failed to disclose to the plaintiff a hidden danger namely, the decayed and rotten limb which the plaintiff was told to saw off, for the purpose of lowering the tree and not for the purpose of pruning the tree of a rotten and decayed limb." The count further states that while plaintiff was cutting the limb and while in the exercise of due care it broke off, fell against him and threw him to the ground.

A reading of the first count makes clear that plaintiff nowhere alleges that defendant knew that the limb which broke off was decayed; therefore there was no duty to warn of the existence of a defect of which he, defendant, was not conscious.

In the second count the duty to warn which was alleged in the first count is repeated. In addition plaintiff alleges a duty to furnish safety devices and other equipment. The count is clearly duplicitous and in addition it does not allege that the injury to plaintiff was due to the negligence of defendant in not furnishing certain equipment such as safety ropes.

As to the third count it appears that the plaintiff relies upon three distinct acts of negligence on the part of defendant, namely, a failure to warn, a failure to provide safety appliances and on the assurance of the defendant that it was safe for the plaintiff to continue cutting the limb of the tree which eventually broke off and struck the plaintiff. The count is clearly duplicitous.

The plaintiff's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*George Ajootian,* for plaintiff.

*Gunning & LaFazia, Raymond A. LaFazia, Edward L. Gnys, Jr., Bruce M. Selya,* for defendant.